**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| FADI ALHAJHASSAN, | No. 12-71865 |
| Petitioner, | Agency No. A073-849-947 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Fadi Alhajhassan, a native and citizen of Lebanon, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

abuse of discretion the denial of a motion to reopen, *Sharma v. Holder*, 633 F.3d

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

865, 872 (9th Cir. 2011), and review de novo questions of law, *Ahmed v. Mukasey*, 548 F.3d 768, 771 (9th Cir. 2008).  We deny the petition for review.

The BIA did not abuse its discretion in denying Alhajhassan's motion where Alhajhassan failed to present clear and convincing evidence of a strong likelihood that his marriage to a U.S. citizen entered into after the commencement of removal proceedings was bona fide.  *See Sharma*, 633 F.3d at 872 (applicant must offer evidence "that is probative of the motivation for marriage, not just the bare fact of getting married").  Alhajhassan's due process claims therefore fail.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim); *see also Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995) (BIA not obliged to refer to every piece of evidence); *Najmabadi v. Holder,* 597 F.3d 983, 990 (9th Cir. 2010) (BIA need not "write an exegesis on every contention").

Finally, we deny Alhajhassan's motion to supplement the record and his request to take judicial notice of facts related to his prior attorney.  *See* U.S.C. § 1252(b)(4)(A); *see also Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (the court's review is limited to the administrative record).

**PETITION FOR REVIEW DENIED.**

12-71865